UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA                    :
                                            :
                                            :      **ORDER**
v.                                          :
                                            :      22 CR 485–6 (VB)
                                            :
DAYSHAWN RIVERS,                            :
                          Defendant.        :
------------------------------------------------------------x

Defendant Dayshawn Rivers moves for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), due to his alleged (i) harsh conditions of confinement, (ii) medical needs, (iii) lack of mental and physical preparation to plead guilty after the death of his child, (iv) family circumstances, and (v) participation in rehabilitative programming.

For the reasons set forth below, the motion is DENIED.[1]

The relevant facts are as follows: Beginning in January 2022, law enforcement was investigating a crack cocaine trafficking conspiracy in and around a particular convenience store in Mount Vernon, New York. During the investigation, undercover officers conducted approximately twenty-six controlled purchases of crack cocaine and observed many more hand-to-hand drug transactions. The convenience store effectively functioned as an open-air illicit drug market in the middle of the Mount Vernon community. Surveillance footage showed Rivers making more than fourteen sales of crack cocaine in a one-week span. Surveillance footage also captured Rivers holding a firearm wrapped in a plastic bag, showing it to his cohorts, and then hiding the firearm in the shelves of the convenience store.

Rivers was arrested on November 15, 2022. On October 27, 2023, the Court granted Rivers's request to be released on bail due to his child's extreme illness. Sadly, Rivers's son passed away on July 27, 2024. The Court permitted Rivers to remain released on bail in order to grieve with his family and make arrangements for his son's funeral.

On August 27, 2024, pursuant to a plea agreement, Rivers pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

---

[1]    The government contends Rivers has not fully exhausted his administrative remedies and thus the motion should be denied on that basis alone. (Doc. #257 at 4). Rivers claims he did exhaust by submitting a request to the warden of his facility in or before December 2025, but that he has been unable to obtain copies of the relevant documents. (Doc. #259). The Court assumes, for purposes of deciding the instant motion, that Rivers has met the exhaustion requirement. Rivers also asks the Court to issue a subpoena under Fed. R. Crim P. 17(c) so that he may prove factual allegations relating to his conditions of confinement and medical needs. (Doc. #258 at ECF 12). Because, in ruling on the instant motion, the Court assumes the truth of Rivers's factual allegations regarding his conditions of confinement and medical needs, this request is denied as unnecessary. In any event, as set forth below, the motion is denied on the merits.

1

The Court again permitted Rivers to remain released on bail through the date of sentencing in order to be with his family.

On December 3, 2024, after taking into account the fact that Rivers was fully compliant with the conditions of his release while on bail, the Court sentenced Rivers to 60 months' imprisonment, which was the mandatory minimum, to be followed by three years' supervised release.  The Court observed that Rivers committed a serious crime involving a firearm and had an extensive criminal history.  The Court also observed that Rivers's co-defendants, all of whom were roughly equally culpable, received sentences between 60 and 66-months' imprisonment.  Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  Following sentencing, the Court permitted Rivers to be released on bail for an additional two months to provide support to his family.

Rivers has been detained since February 3, 2025, which means he has served approximately twenty-three months of the 60-month sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3852(c)(1)(A).  The applicable policy statement is Section 1B1.13 of the Sentencing Guidelines.

Here, Rivers has not identified any extraordinary or compelling reasons warranting a reduction of his term of imprisonment.  And even if he did, consideration of the Section 3553(a) factors would compel the Court to deny his motion.

First, Rivers points to several harsh conditions of his confinement such as black mold in cells, repeated lockdowns, and a lack of running water.  Even assuming Rivers's claims are true, they "relate to general conditions, experienced by all inmates at his facility" and thus cannot form a basis for reducing his sentence.  United States v. Sayoc, 2025 WL 918864, at *2 (S.D.N.Y. Mar. 26, 2025).  The Court does not seek to minimize the difficulties Rivers has faced in prison, but those difficulties are not unique to Rivers and thus are not extraordinary and compelling.

Second, Rivers cites his medical needs.  Specifically, he claims he suffers from chronic asthma and an inflammatory condition requiring surgery.  Rivers also claims he has not received adequate psychological and psychiatric care.  As relevant here, extraordinary and compelling reasons exist if a defendant shows he is suffering from (i) a terminal illness, (ii) a serious physical or medical condition or a functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process, that "substantially diminishes" the defendant's "ability to provide self-care" within a correctional facility, and from which he is not expected to recover, or (iii) a medical condition which "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of

2

serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)–(C).  Here, Rivers's alleged medical needs, even if true, do not rise to the level of extraordinary and compelling reasons justifying a reduction in his term of imprisonment.

Third, Rivers seems to argue he was not physically or mentally prepared to plead guilty because he was grieving the death of his son.  The government contends, and the Court agrees, that Rivers had ample time to consider the plea agreement, which was provided to defense counsel approximately nine and a half months before Rivers ultimately pleaded guilty.  (Doc. #257 at 5).  Indeed, the Court confirmed during Rivers's plea allocution that he was pleading guilty voluntarily, and that he fully understood the consequences of his guilty plea.  That Rivers now claims he was unprepared to plead guilty does not constitute an extraordinary or compelling circumstance.

Fourth, Rivers argues his family circumstances constitute extraordinary and compelling circumstances.  Specifically, Rivers claims (i) the mother of his late son is battling the loss of their child alone, and (ii) he is the primary provider for his "soon to be wife" and daughters. (Docs. ##252 at 2; 258 at ECF 10).  While the Court is sympathetic to Rivers's family circumstances, these circumstances are not "extraordinary and compelling."[2]

Fifth, Rivers attaches to his reply certificates showing his participation in rehabilitative programming.  Rivers's efforts to rehabilitate himself while in prison are laudable, but they do not present extraordinary and compelling circumstances because such efforts are expected of every federal inmate.  Rivers should continue to avail himself of the rehabilitative opportunities available to him, which will make it less likely that he recidivates when he is released from prison.  That would be a good outcome for both Rivers and his family.

Finally, even if Rivers had shown extraordinary or compelling reasons, a reduction of his term of imprisonment would not be warranted.  This is because the Section 3553(a) factors continue to weigh strongly against Rivers's release.  Although the Court commends Rivers on his efforts to rehabilitate himself and urges him to continue to do so, the serious nature of Rivers's offense and his extensive criminal history warranted the 60-month prison sentence at the time it was imposed, and continue to warrant such a sentence.  The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Rivers from future criminal conduct, and protect the public, argue strongly against granting the motion.

---

[2]    See U.S.S.G. § 1B1.13(b)(3) (providing non-binding guidance on "family circumstances" that may be extraordinary and compelling, such as the death or incapacitation of the caregiver of a defendant's minor child, or the incapacitation of a defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner).

Accordingly, Rivers's motion for a reduction of his term of imprisonment is DENIED.[3]

Chambers will mail a copy of this Order to defendant at the following address:

Dayshawn Rivers, Reg No. 31659–510
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

Dated: January 20, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[3]    Rivers also requests the appointment of counsel.  (Doc. #258 at ECF 12).  "The appointment of [Criminal Justice Act] counsel at this stage rests in the court's sole discretion." United States v. Fleming, 5 F.4th 189, 194 n.4 (2d Cir. 2021).  Here, the issues presented by Rivers's motion are not complex and are without merit.  Accordingly, there is no reason to appoint counsel and Rivers's request is denied.